IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: _____**

**Filing Date: June 3, 2014**

**Docket No. 32,844**

**ROSA WEISS and NATIONAL EDUCATION
ASSOCIATION – NEW MEXICO,**

      **Plaintiffs-Appellees,**

**v.**

**THE BOARD OF EDUCATION OF THE
SANTA FE PUBLIC SCHOOLS, JOEL BOYD,**
in his official capacity as local superintendent of
the Santa Fe Public Schools,

      **Defendants-Appellants.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Jones, Snead, Wertheim & Clifford, P.A.
Jerry Todd Wertheim
Roxie Rawls-De Santiago
Samuel C. Wolf
Santa Fe, NM

for Appellees

German & Associates, LLC
K. Lee Peifer
Elizabeth L. German
Albuquerque, NM

for Appellants

Cuddy & McCarthy, LLP
John F. Kennedy
Santa Fe, NM

for Amicus Curiae

**OPINION**

**VANZI, Judge.**

**{1}** New Mexico law provides heightened substantive and procedural rights to teachers who have been employed with a school district for three consecutive years if the school board elects not to renew the teacher's contract for a subsequent year. This case presents the question of whether those protections apply when notice of a board's intent not to renew a teacher's contract is served on the teacher during, but prior to the completion of, her third year. We conclude that they do and therefore affirm the district court's declaratory judgment in favor of Plaintiffs.

**BACKGROUND**

**{2}** Plaintiff Rosa Weiss was a teacher employed by the Santa Fe Public Schools during the 2008-09, 2009-10, and 2010-11 school years, pursuant to three one-year contracts. On May 12, 2011, approximately two weeks before the end of her third year, Weiss was served notice that Defendant Board of Education of the Santa Fe Public Schools intended not to renew her contract for a fourth year. Weiss requested a hearing on the decision, but her request was denied.

**{3}** Weiss and Plaintiff National Education Association-New Mexico then filed suit in district court against the Board of Education and the Superintendent of the Santa Fe Public Schools, seeking a declaratory judgment that Defendants were required by New Mexico law to provide Weiss with a hearing to contest her termination. The district court ruled that Weiss was employed for three consecutive years as a certified school instructor and that, therefore, she was entitled to such a hearing. Defendants appeal.

**DISCUSSION**

**{4}** Defendants argue that the district court's ruling was based on a misinterpretation of a provision of the School Personnel Act (the Act) governing termination procedures. This Court reviews the district court's interpretation of a statute de novo. *See Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 8, 146 N.M. 473, 212 P.3d 361 (stating that questions of statutory construction are reviewed de novo). When construing a statute, "the essence of judicial responsibility [is] to search for and effectuate the legislative intent[.]" *Id.* ¶ 10 (internal quotation marks and citation omitted). Any such analysis will begin with an examination of the statutory language, "as the text of the statute is the primary indicator of legislative intent." *Id.* ¶ 11. However, an appellate court must also "consider the statutory subsection in reference to the statute as a whole and read the several sections together so that all parts are given effect." *Id.* Finally, we must "consider the practical implications and the legislative purpose of a statute, and when the literal meaning of a statute would be absurd, unreasonable, or otherwise inappropriate in application, we [will] go

2

beyond the mere text[.]" *Id.* We now apply these principles of statutory construction to the issue before us.

**{5}**    If a school board wishes to put an end to a person's employment, the Act mandates different substantive and procedural protections depending on such factors as the person's position, how long the person has been employed, and the time at which the board proposes that the person's employment will end. *See* NMSA 1978, §§ 22-10A-24 and -27 (2003). Teachers are "certified school employees" under the Act, NMSA 1978, § 22-1-2(G), (BB) (2010), and therefore receive the protections set forth for those employees. Certified school employees are hired pursuant to contracts that generally specify a term of one school year, except that after three years of consecutive employment, a school board may choose to employ a certified school employee for a contractual term of up to three years. NMSA 1978, § 22-10A-21(B)(5) (2003). When a school board seeks to end a certified school employee's employment, the procedures required depend on whether the board seeks to end the employee's employment in the middle of a school year or whether the board simply intends not to renew the employee's contract for the following year. The Act therefore distinguishes between "discharging" a certified school employee, which is defined as "severing the employment relationship with a certified school employee prior to the expiration of the current employment contract" and "terminating" a certified school employee, which is defined as "the act of not reemploying [a certified school] employee for the ensuing school year." *See* NMSA 1978, § 22-10A-2(A), (E) (2007).

**{6}**    Section 22-10A-24 of the Act governs the procedures and standards for termination. That section sets out two different ways to terminate an employee depending on whether or not the employee has worked for the school board for at least three consecutive years. First, for an employee with fewer than three consecutive years of service, the statute provides for termination for any reason and with minimal process. It states:

> A.    A local school board . . . may terminate an employee with fewer than three years of consecutive service for any reason it deems sufficient. Upon request of the employee, the superintendent or administrator shall provide written reasons for the decision to terminate. . . . The reasons shall not provide a basis for contesting the decision under the School Personnel Act.

Section 22-10A-24(A). Second, for an employee with at least three consecutive years of employment, Section 22-10A-24 provides that termination must be based upon just cause and provides the employee with an opportunity to be heard. It states:

> C.    An employee who has been employed by a school district or state agency for three consecutive years and who receives a notice of termination . . . may request an opportunity to make a statement to the local school board or governing authority on the decision to terminate him . . . . The employee may also request in writing the reasons for the action to

3

terminate him. The local superintendent or administrator shall provide written reasons for the notice of termination to the employee. . . .

D. A local school board or governing authority may not terminate an employee who has been employed by a school district or state agency for three consecutive years without just cause.

E. The employee's request [for an opportunity to make a statement] shall be granted if he responds to the local superintendent's or administrator's written reasons . . . by submitting in writing to the local superintendent or administrator a contention that the decision to terminate him was made without just cause. The written contention shall specify the grounds on which it is contended that the decision was without just cause and shall include a statement of the facts that the employee believes support his contention. . . .

F. A local school board or governing authority shall meet to hear the employee's statement in no less than five or more than fifteen working days after the local school board or governing authority receives the statement.

Section 22-10A-24(C)-(F). An employee who is aggrieved by the board's decision after such a hearing may appeal pursuant to NMSA 1978, Section 22-10A-25 (2003).

{7} Approximately two weeks before Weiss completed her contract for her third year of teaching, she received notice that the school board intended to terminate her—in other words, that she would finish out her third school year but would not be rehired for a fourth. Because Weiss received the notice of termination at the end of her third year of teaching, the single question at issue is whether she was entitled to the protections in Section 22-10A-24 for employees who have been employed for at least three consecutive years, despite the fact that she had not actually completed all three years at the time that she received notice.

{8} The answer to that question depends on whether the "three consecutive years" referred to in Section 22-10A-24(C) is measured at the time that the employee receives notice of termination or the date that the employee completes her last day of work under the contract. When read in isolation, the most intuitive construction of the phrase in Section 22-10A-24(C) providing protections for an employee "who has been employed by a school district . . . for three consecutive years and who receives a notice of termination," is that the time is calculated from the time the employee receives notice. But to construe the statute in this manner with respect to certified school employees would disregard the Legislature's distinct definition of "terminate" when it comes to those employees. Because termination of a certified school employee refers to "the act of not reemploying [the] employee for the ensuing school year," § 22-10A-2(E), termination of a certified school employee's employment can only occur at the end of a school year. Although the employee will receive a notice of termination prior to the end of the year, *see* NMSA 1978, § 22-10A-22 (2003) (requiring written notice of termination "[o]n or before the last day of the school year of the existing employment contract" and stating that the failure to provide such notice shall be

construed as a notice of reemployment for the upcoming year); 6.67.2.8(A)(2) NMAC (requiring service of a notice of termination "on or before the fourteenth calendar day prior to the last day of the school year"), she will nevertheless complete the full year of employment. Therefore, in the absence of other intervening circumstances, a certified school employee who receives a notice of termination during her third year will necessarily finish her third year of service. If the school board wanted instead to end her employment prior to the completion of her third year, it would have to discharge her and follow the separate statutory procedures set out for discharging a certified school employee. *See* § 22-10A-2(A) (defining "discharge" as "the act of severing the employment relationship with a certified school employee prior to the expiration of the current employment contract"); § 22-10A-27 (setting out the procedures for discharging a certified school employee); NMSA 1978, § 22-10A-30 (2003) (requiring a school district to attempt to correct a certified school employee's unsatisfactory work performance and to document those attempts prior to serving a notice of discharge).

**{9}** Based on the way that the Act is written, a teacher who has actually completed three consecutive years of teaching prior to receiving a notice of termination is entitled to complete a fourth year, either because she received no notice of termination on or before the last day of the end of her contractual third year and is therefore deemed to have been provided with a notice of reemployment for a fourth contractual year pursuant to Section 22-10A-22, or because she has actually received a notice of reemployment, and then, sometime thereafter, a notice of termination. As a consequence, to conclude that Section 22-10A-24(C) only provides heightened protections to certified school employees who have actually completed their third year of employment at the time they receive notice of termination would have the effect of providing such benefits only to those who will complete a fourth consecutive year of service and whom a school board does not intend to hire for a fifth consecutive year. We reject such a reading, both because it would be an unusual construction of the phrase "employed . . . for three consecutive years" and because the history of the statute indicates that this was not the Legislature's intent.

**{10}** Between 1945 and 1986, Section 22-10A-24's predecessor statutes expressly provided that a teacher who had been employed by a school district for three years and had a contract for a fourth year was entitled to heightened employment protections. *See* 1945 N.M. Laws, ch. 125, § 1 (stating that notice to discontinue the service of a certified classroom teacher "who has served a probationary period of *three (3) years and holds a contract for the completion of a fourth year* . . . shall specify a place and date . . . at which time said teacher may at his *or her* discretion appear before the board for a hearing"); NMSA 1953, § 77-8-11 (1967) (providing that "[a] certified school instructor employed by a school district for three (3) consecutive school years *and having entered into an employment contract . . . for a fourth consecutive school year* acquires tenure rights with that school district" (emphasis added)). It is therefore clear that the Legislature is capable of drafting language that would ensure that heightened procedural protections only attach once teachers have actually completed their third consecutive year of employment prior to receiving notice of termination and therefore have a contract for a fourth year, either through an actual offer

5

of reemployment or by operation of law. *See Starko, Inc. v. Presbyterian Health Plan, Inc.*, 2012-NMCA-053, ¶ 49, 276 P.3d 252 ("If the Legislature wanted to condition the applicability of [a] payment scheme on the dispensing of the lesser expensive, therapeutic equivalent drug, it would have included those terms within the statute."). It chose not to impose this requirement in the current version of Section 22-10A-24.

**{11}** Defendants and Amici Curiae argue that construing Section 22-10A-24(C) to provide heightened procedural protections to a certified school employee who receives a notice of termination while she is still completing her third year would disregard the language of Section 22-10A-24(A), which states that "[a] local school board . . . may terminate an employee with fewer than three years of consecutive service for any reason it deems sufficient." They argue that Section 22-10A-24(A) requires three years of actual service and that this provides evidence that the Legislature could not have intended a person who has not yet completed her third year of service to receive heightened procedural protections prior to termination. However, as we have explained, barring any unforeseen circumstances, a certified school employee who receives a notice of termination at some point during her third consecutive year will in fact complete a third year of service prior to the termination of her employment, even if the procedures for termination occur before the three years have passed. Therefore, subsections (A) and (C) are consistent, and both support the conclusion that a certified school employee in her third consecutive year of employment is entitled to heightened protections if a school board intends to deny her a contract for a fourth year. *See* § 22-10A-24(A), (C).

**{12}** Amici also object to this construction of Section 22-10A-24 on the ground that it will result in the different treatment of certified and noncertified employees. As we have noted, Section 22-10A-24 governs the procedures for the termination of both types of employees. Although Section 22-10A-24 itself does not distinguish between certified and noncertified employees, other provisions of the Act do. Unlike certified employees, noncertified employees are not employed pursuant to contracts. Accordingly, the statutory definition of "terminate" as choosing not to renew an employee's contract for the upcoming year does not apply to them. Section 22-10A-2(E). Neither does the statutory definition of "discharge," which involves ending an employee's employment in the middle of that employee's contract. Section 22-10A-2(A). Instead, the Legislature has provided that the only way to end a noncertified school employee's employment is to "terminate" her, which is defined as "the act of severing the employment relationship with the employee" at any time. Section 22-10A-2(E). Because the single term "terminate" has two different definitions depending on the certification status of the employee to be terminated, the provisions of Section 22-10A-24 governing termination may also be different to some degree depending on that status. Although we need not resolve the matter, as it is not squarely before us, with respect to a noncertified employee, Section 22-10A-24(C)'s statement that "[a]n employee who has been employed by a school district or state agency for three consecutive years and who receives a notice of termination" receives heightened employment protections may well mean that only an employee who has served a full three years at the time of the receipt of the notice is entitled to such protections. However, assuming, without deciding, that that is so, we see no

6

difficulty in a construction that results in different treatment of certified and noncertified employees. The Legislature provided certified and noncertified employees with different rights under the statute. Therefore, any such different treatment is by design.

**{13}** Finally, Amici argue that the sections of the Act governing the mentorship, evaluation, and professional development of teachers demonstrate that the Legislature did not intend for teachers who have not yet completed their third consecutive year of employment to be entitled to heightened procedural protections prior to termination. However, there is no conflict between those statutes and this Court's construction of Section 22-10A-24. The Act states that new teachers are required to be mentored for at least one year and up to three years. NMSA 1978, § 22-10A-7(A) (2011) (providing for mentoring of at least one year for beginning teachers); NMSA 1978, § 22-10A-8(C) (2011) (same); NMSA 1978, § 22-10A-9(B) (2010) (providing that formal mentoring of beginning teachers may extend up to three years). The Act also states that teachers who have completed at least three years of teaching but who still fail to demonstrate essential competencies may receive mentoring. *See* NMSA 1978, § 22-10A-19(E) (2010) (providing that teachers who are beyond the first licensure level and whose performance is less than satisfactory may be required to be mentored); § 22-10A-7(A) (providing that a teacher must have completed "three full school years" of teaching before applying for the next level of licensure). Finally, the Act requires that teachers be evaluated in order to ensure their competency. *See* NMSA 1978, § 22-10A-18(C) (2003); § 22-10A-19(C). While we agree that these statutes demonstrate that the Legislature is committed to the process of improving the performance and achievement of teachers, nothing about this fact suggests that the Legislature did not intend to permit teachers who have been given contracts for three school years to be provided with heightened procedural protections if a school district does not intend to employ them for a fourth.

**CONCLUSION**

**{14}** Because Weiss was a certified school employee who had been hired to teach for three consecutive years in the Santa Fe Public Schools, Section 22-10A-24(D) and (F) of the School Personnel Act provides that she can only be terminated after a hearing and based upon just cause. Accordingly, we affirm the district court's declaratory judgment in Plaintiffs' favor.

**{15}    IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

7

_____

**MICHAEL E. VIGIL, Judge**